UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 22-CV-3826 (PKC) (RER)

———————————

IN THE MATTER OF THE COMPLAINT OF COEYMANS MARINE TOWING LLC AS OWNERS AND OPERATORS OF THE M3100 BARGE

———————————

**REPORT & RECOMMENDATION**

April 4, 2023

———————————

**TO THE HONORABLE PAMELA K. CHEN**
**UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

Coeymans Marine Towing, LLC ("Plaintiff" or "Coeymans"), as owner and operator of the M3100 Barge (the "Vessel"), seeks exoneration or limitation of liability from all claims resulting from the sinking of the Vessel, in accordance with the Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq*. and Rule F of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule F"), Suppl. Fed. R. Civ. P.F. (ECF No. 1 ("Compl.") at 1). Coeymans submitted this Motion for Default Judgment, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, with respect to all claims not yet presented against them or the Vessel in this Court. (ECF No. 38 ("Default J. Mot.")). Your Honor referred this unopposed Motion to me for a Report and Recommendation. (ECF Order dated 3/3/2023). For the reasons set forth herein, I respectfully recommend that Coeymans' Motion be granted.

## BACKGROUND

I. <u>Factual Allegations</u>

On or about January 9, 2022, Plaintiff's Vessel, a barge engaged in the storage and transport of cargo, was docked at Allocco Recycling Ltd. ("Allocco") in Brooklyn, New York. (Compl. at 2 ¶¶ 6, 8). While docked, a tugboat owned and/or operated by Wittich Bros. Marine, Inc. ("Wittich") struck the Vessel, causing it to take on water and sink about twelve hours later. (*Id.* ¶¶ 8–10). Following this incident, the Vessel was re-floated, towed for scrapping, and sold for $40,000. (*Id.* at 3 ¶¶ 14–16).

The Vessel's sinking hindered access to Allocco's dock. (*Id.* ¶ 12). On January 9, 2022, counsel for Allocco sent a written notice of claim to Coeymans, alerting them that the Vessel's sinking halted Allocco's operations, resulting in lost revenue. (*Id.* ¶ 1). Allocco's counsel also sent a demand letter to Plaintiff's insurance carrier, Travelers Property Casualty Company of America ("Travelers"), for the losses Allocco incurred by the Vessel's sinking, which totaled more than $710,000 as of June 3, 2022. (*Id.* at 3–4 ¶¶ 1–2). This letter stated that "should the demand not be resolved amicably, Allocco will pursue legal action to recover its losses." (*Id.* at 4 ¶ 2).

II. <u>Procedural History</u>

On June 29, 2022, Coeymans commenced the underlying action seeking exoneration from or limitation of liability with respect to any injury, loss, or damage arising out of the Vessel's sinking. (*Id.* at 4–6). As security, Coeymans filed with the Court an *ad interim* stipulation for value for the sum of $40,000, plus interest (*id.* at 5 ¶ 13; ECF No. 2), as well as a stipulation for costs for the sum of $500 (Compl. at 5 ¶ 14; ECF No. 3).

On July 13, 2022, Your Honor entered an Order approving Plaintiff's proposed security; and temporarily restraining, staying, and enjoining the commencement or prosecution of suits against Plaintiff and the Vessel. (ECF No. 13 ("Order")). That Order also directed the Clerk of Court to issue a notice that directed all potential claimants to file any claims with the Clerk of this Court, and serve on or mail to Plaintiff's counsel a copy thereof on or before October 13, 2022, or be defaulted. (Order at 2). It advised "that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such claimant shall file and serve on the attorneys for Plaintiff an answer to the Complaint on or before the said date (unless his claim has included an answer to the complaint, so designated) or be defaulted." (*Id*). Your Honor's Order also demanded the publication of that notice in *The New York Law Journal* and *New York Daily News*, once a week for four successive weeks prior to October 13, 2022, and required Coeymans to mail a copy of the notice to "every person (or their respective attorneys) known to have made any claim against the Vessel or Plaintiff with respect to the matters herein," as provided by Rule F. (*Id.* at 3). The Clerk of the Court issued the requisite notice, which Coeymans then published in *The New York Law Journal* and *New York Daily News* on August 25, and September 1, 8, and 15, 2022 (ECF Nos. 18, 18-1).

Concurrent with these proceedings, on August 19, 2022, Your Honor consolidated Plaintiff's limitation action with Wittich's limitation action, *In Re in the Matter of the Complaint of Wittich Bros. Marine, Inc.*, No. 22-CV-3838 (PKC) (RER), which concerned the same incident involving the Vessel. (ECF Order dated 8/19/2022). Travelers and Allocco filed Answers to the Wittich Complaint (ECF. Nos. 20, 23), and Allocco filed a Claim for compensatory damages against Wittich (ECF No. 24). However, no answer or claim was filed by the Court-ordered deadline in relation to Coeymans or the Vessel. (ECF No. 38-1 ¶ 13).

3

On November 14, 2022, Coeymans requested an entry of default. (ECF No. 29). On December 8, 2022, the Clerk of the Court entered a Certificate of Default against all other parties having an interest in this matter and as to all claims against either Coeymans or the Vessel arising from the incident. (ECF No. 32). Coeymans subsequently filed this Motion for Default Judgment "as to all claims arising from the subject allision not yet presented."[1] (Default J. Mot.).

## DISCUSSION

### I. Legal Standards

Under the Limitation of Liability Act, "a vessel owner [may] limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001). Limitation actions must comport with the procedures detailed in Rule F. *Matter of D'Ancona*, No. 19-CV-5492 (EK) (VMS), 2021 WL 4482615, at *2 (E.D.N.Y. May 24, 2021), *adopted by* 2021 WL 4480676 (Sept. 30, 2021).

Rule F provides that a vessel owner may file a complaint "[n]ot later than six months after receipt of a claim in writing." Suppl. Fed. R. Civ. P.F(1); *see Doxsee Sea Clam Co. v. Brown*, 13 F.3d 550, 554 (2d Cir. 1994) ("[T]his Court has not required exacting specificity in a notice of claim to a vessel owner. . . . Notice will be sufficient if it informs the vessel owner of an actual *or potential* claim . . . ." (citations omitted) (emphasis added)). The Complaint must "set forth the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable

---

[1] Plaintiff first filed a Motion for Default Judgment on December 14, 2022 (ECF No. 35), which Your Honor referred to me that same day (ECF Order dated 12/14/2022). Plaintiff subsequently refiled the Motion, attaching all relevant documents as exhibits to ensure compliance with Local Civil Rule 55.2. (Mot. for Default J.; *see* ECF No. 39). Your Honor terminated the first Motion as moot and referred the refiled Motion to me for a Report and Recommendation. (ECF Order dated 3/3/2023). This is the Motion presently before the Court.

4

the court to determine the amount to which the owner's liability shall be limited." Suppl. Fed. R. Civ. P.F(2); *see Bensch v. Est. of Umar*, 2 F.4th 70, 79 (2d Cir. 2021) (holding that "Rule F(2) requires a vessel owner petitioning for exoneration from or limitation of liability to set forth sufficient facts to render his claim of lack of 'privity and knowledge' plausible as that phrase is defined in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)]."). The vessel owner must also "deposit with the court . . . a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor" as well as security for costs, and interest. Suppl. Fed. R. Civ. P.F(1).

Following filing of the complaint and security, Rule F outlines specific notice requirements:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims. . . . on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. . . . The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Suppl. Fed. R. Civ. P.F(4). Lastly, any claim must "be filed and served on or before the date specified in the notice . . . ." Suppl. Fed. R. Civ. P.F(5). "[A]lthough a claimant is not required to file an answer contesting a vessel owner's right to seek exoneration or limitation, he must file a claim in order to preserve his right 'to recover from the limitation fund[.]'" *Matter of Nordin*, No. 19-CV-25 (SJF) (AYS), 2019 WL 4696318, at *3 (E.D.N.Y. Sept. 26, 2019) (quoting *In re Columbia Leasing L.L.C.*, 981 F. Supp. 2d 490, 494 (E.D. Va. 2013)).

5

A party is entitled to default judgment in a limitation action against other potential claimants when they comply with procedural requirements outlined in Rule F.[2] *See Matter of D'Ancona*, 2021 WL 4482615, at *3 (collecting cases and finding petitioner was entitled to default judgment and exoneration when they complied with all Rule F requirements); *Matter of Nordin*, 2019 WL 4696318, at *3 (granting default judgment against other potential claimants when petitioner complied with all Rule F requirements and potential claimants failed to file a claim); *In re Narod*, No. 13-CV-554 (DRH) (ETB), 2013 WL 3491088, at *3 (E.D.N.Y. July 10, 2013) (recommending default judgment in light of petitioner's compliance with Rule F).

II.   Analysis

Coeymans has complied with all requirements outlined in Rule F and in Your Honor's Order. First, Coeymans filed its Complaint within six months of Allocco's written notice of claim and filed proper security representing the Vessel's value and associated costs (*id.* at 3, 5 ¶¶ 1, 13–14; ECF Nos. 2–3). In addition, the Complaint set forth sufficient facts to warrant limiting liability, describing the Vessel as "seaworthy" as well as "strong, and fully and properly manned, equipped, and supplied" when the incident occurred (*id.* at 2 ¶ 7), stating that the Vessel was docked when it was struck by the Wittich tugboat (*id.* ¶ 8), and that the "allision breached the Vessel's hull, causing it to take on water" and sink (*id.* ¶¶ 9–10). The Complaint also established the Vessel's post-casualty value of $40,000 (*id.* at 5 ¶ 12). Coeymans further alleged that the casualty and all injury and loss that resulted were not caused by the Vessel or by Plaintiff, and that all resulting

---

[2] Parties must also adhere to the Local Rules of Civil Procedure, including Rule 55.2, which guides the process for default judgment in the Eastern District of New York. Local Civil Rule 55.2(b) requires that a party requesting default judgment supplement their application with "(1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." Loc. Civ. R. 55.2(b). Plaintiff's refiled Motion includes these documents as exhibits (*see* ECF Nos. 38-2 (Exhibit A: Complaint), 38-3 (Exhibit B: Certificate of Default), 38-4 (Proposed Order for Default Judgment)). Accordingly, the Court is satisfied that this Motion meets the requirements of Local Civil Rule 55.2.

6

injury and loss were "caused, done, occasioned, and incurred without [Coeyman's] privity or knowledge . . . ." (*Id.* at 4 ¶¶ 6–7). Finally, Coeymans published the Court's notice of the limitation action in *The New York Law Journal* and *New York Daily News* over four successive weeks—on August 25, 2022, and September 1, 8, and 15, 2022—prior to the deadline for potential claimants to file claims. (ECF No. 18).

The record also shows that all potential claimants had notice of the Coeymans limitation action such that the purpose of the mailing requirement in Rule F and Your Honor's Order was likewise satisfied. Although Allocco's notice of claim and demand letter indicated that Allocco *might* make a claim (*See* Compl. at 3–4 ¶¶ 1–2), because neither Allocco nor any other party ever did so (ECF No. 38-1 ¶ 13), Plaintiff was not required to mail a copy of the notice.[3] Nonetheless, Allocco received notice of the Coeymans limitation action as early as August 9, 2022, when Allocco's counsel was copied on a status report for the Wittich limitation action that addressed the possibility of consolidating the Wittich and Coeymans limitation actions.[4] (ECF No. 10 under docket number

---

[3] Rule F requires only that a copy of the notice be mailed to persons "*known* to have made any claim." Suppl. Fed. R. Civ. P.F(4) (emphasis added); *see Matter of Maine Mar. Museum*, No. 21-CV-238, 2023 WL 2561587, at *4 (D. Me. Mar. 17, 2023) ("'[a]ctual notice is not required for "possible" claimants; instead the petitioner/plaintiff is only required to mail the notice to "known" claimants, whereas it is sufficient to provide potential claimants with constructive notice by publication.'") (quoting *In re Orion Dredging Servs., LLC*, No. 09-CV-358-J-25HTS, 2010 WL 497716, at *1 (M.D. Fla. Feb. 8, 2010)); *In re Matter of GATX Third Aircraft Corp.*, 858 F. App'x 692, 694 (5th Cir. 2021) (finding that Rule F did not entitle prospective claimants to direct notice). To be sure, some courts have interpreted the Rule F mailing requirement more expansively. *See, e.g.*, *Matter of Perras*, No. 08-CV-1771 (KAM) (CLP), 2010 WL 11627295, at *7 (E.D.N.Y. Nov. 3, 2010) (finding that "because petitioners were aware of [potential] claimant's identity or easily could have ascertained it . . . , they should have served her personally rather than through publication"). However, because Rule F and Your Honor's Order plainly limited the mailing requirement to known claimants, publication of the notice was sufficient. *See* Benedict on Admiralty Vol. 3 § 80 (Lexis 2022) ("The court may direct a further service or longer publication [than indicated in Rule F] if it deems it advisable.").

[4] The Court takes judicial notice of the docket report for the Wittich limitation action. *See Berlin v. Jetblue Airways Corp.*, 436 F. Supp. 3d 550, 568 n.1 (E.D.N.Y. 2020) ("Docket sheets are public records of which a court may take judicial notice." (citing *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) ("A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)).

22-CV-3838). Then, on October 12, 2022, Allocco filed an Answer and Claim with respect to the Wittich limitation action under the docket number used for the two now-consolidated limitation actions. (ECF Nos. 23, 24). Since then, counsel for Allocco has received notice of all docket entries and even participated in a conference related to this case (*see* ECF Minute Entry dated 12/14/2022), but has not filed an answer or claim with respect to Coeymans, nor sought an extension of time to do so. Thus, the Court is assured that Allocco—like all potential claimants—had sufficient notice of the Coeymans limitation action to file a claim before the deadline and simply chose not to do so.

Accordingly, given Plaintiff's compliance with Rule F, and the failure of any potential claimant to file a claim against Coeymans or the Vessel, I recommend granting this unopposed Motion.

## **CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court grant default judgment. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Pamela K. Chen within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

**Ramon E. Reyes, Jr.**
RAMON E. REYES, JR.
United States Magistrate Judge
Dated: April 4, 2023
      Brooklyn, NY